744 F.Supp.2d 1381 (2010)
IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION
Todd Simon v. United Potato Growers of Idaho, Inc., et al., C.D. California, C.A. No. 2:10-4647
Brigiotta's Farmland Produce and Garden Center, Inc. v. United Potato Growers of Idaho, Inc., et al., D. Idaho, C.A. No. 4:10-307.
MDL No. 2186.
United States Judicial Panel on Multidistrict Litigation.
October 13, 2010.
Before JOHN G. HEYBURN, II, Chairman, ROBERT L. MILLER, JR., DAVID R. HANSEN, FRANK C. DAMRELL, JR., KATHRYN H. VRATIL, W. ROYAL FURGESON, JR. and BARBARA S. JONES, Judges of the Panel.

TRANSFER ORDER
JOHN G. HEYBURN, II, Chairman.
Before the entire Panel: Plaintiff in the District of Idaho action seeks centralization, pursuant to 28 U.S.C. § 1407, of these two actions in the District of Idaho. No responding party opposes centralization. Defendants,[1] plaintiff in the Central District of California action, and plaintiff in a Northern District of California potential tag-along action (Marvilla) support centralization in the District of Idaho. Defendant R.D. Offutt Co. does not oppose centralization.
This litigation consists of two actions pending, respectively, in the Central District of California and the District of Idaho.[2]
*1382 After considering all argument of counsel, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Idaho will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this antitrust litigation. These actions share factual questions relating to alleged anticompetitive conduct in the market for fresh and process potatoes. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.
The District of Idaho stands out as an appropriate transferee forum. Relevant documents and witnesses may be found there, inasmuch as several of the defendants are headquartered within Idaho, where much of the domestic potato industry is based. No party opposes centralization in this district. Additionally, centralization in the District of Idaho allows us to assign this litigation to a district without any currently pending MDL dockets.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the District of Idaho and, with the consent of that court, assigned to the Honorable B. Lynn Winmill for coordinated or consolidated pretrial proceedings with the action pending in the District of Idaho.
NOTES
[1] Bayer CropScience, LP; Blaine Larsen Farms, Inc.; Cornelison Farms, Inc.; Michael Cranney; Driscoll Potatoes, Inc.; Lance Funk; General Mills, Inc.; Pleasant Valley Potatoes, Inc.; Potandon Produce, LLC; Raybould Brothers Farms, LLC; Snake River Plains Potatoes, Inc.; United Potato Growers of America, Inc.; United Potato Growers of Idaho, Inc.; United II Potato Growers of Idaho, Inc.; Albert Wada; Wada Farms, Inc.; Wada Farms Potatoes, Inc.; Wada-Van Orden Potatoes, Inc.; and Wada Farms Marketing Group, LLC.
[2] The parties have notified the Panel of three related actions pending as follows: two actions in the Northern District of California and an action in the Eastern District of Wisconsin. These actions and any other related actions are potential tag-along actions. See Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.